IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CL ABOR, ET AL., § | |
|     PLAINTIFFS, § | |
| § | |
| V. § | CASE NO. 3:24-CV-777-B-BK |
| § | |
| THUY FRAZIER, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On April 1, 2024, CL and Micheala Abor, Texas residents, filed a complaint against Attorney Thuy Frazier, the law firm of McCarthy Holthus LLP, Planet Home Lending LLC, and Auction.com LLC, stemming from their alleged involvement in a foreclosure proceeding against the Abors. Doc. 3. The complaint is difficult to decipher, largely nonsensical, and littered with jargon that appears to derive from the so-called "sovereign citizen movement." Doc. 3 at 1-20; *see also* Doc. 3 at 25-40; Doc. 9; Doc. 10. The Abors allegations center on a "non-judicial wrongful foreclosure/breach of contract" for their home in Forney, Texas, after they allegedly fell behind on payments and received a *Notice of Default* and a *Notice of Substitute Trustee Sale*. Doc. 3 at 15-16; Doc. 3 at 21-24. They assert a laundry-list of claims: (1) "The attorney is

acting as a 'Foreign Agent' in violation of the 11th Amendment and . . . 22 U.S.C. § 611"; (2) Defendants violated "Federal Racketeering Laws (18 U.S.C. 1964) . . . by using the U.S. Mail more than twice to collect an unlawful debt"; and (3) Defendants violated 18 U.S.C. §§ 1341, 1343, 1961 and 1962, the Fair Debt Collection Practices Act (FDCPA), and the Truth in Lending Act.  Doc. 3 at 5-6, 11-12; Doc. 3 at 18-19.  Defendants also allege breach of contract and a scheme to defraud.  Doc. 3 at 12-15, 18.  They seek injunctive, declaratory, and monetary relief of $14.4 million.  Doc. 3 at 19.

This is the second civil action the Abors filed in less than a month in this Court against Frazier and McCarthy Holthus, both cases arising from the same course of events.  On March 5, 2024, the Court dismissed the first action for lack of subject matter jurisdiction.  *See Abor v. Frazier*, No. 3:24-CV-522-K-BN, 2024 WL 1258897, at *1 (N.D. Tex. Mar. 7, 2024), *rec. accepted*, 2024 WL 1257280 (N.D. Tex. Mar. 25, 2024).  In the instant action, the Abors paid the filing fee, and the Clerk of the Court issued summonses as requested for all four Defendants. Doc. 7; Doc. 8.[1]

Upon review, the Court once again concludes that subject matter jurisdiction is lacking.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless

---

[1] In February and March 2024, the Abors also filed state cases, both currently pending, against Frazier and McCarthy Holthus.  *See Abor v. Frazier*, No. 116369-422 (489th Jud. Dist. Court, Kaufman Cnty.); *Abor v. Frazier*, No. 116603-489 (489th Jud. Dist. Court, Kaufman Cnty.).

otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).  Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, the Abors have not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).  But "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ."  *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted);

*see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

The Abors' complaint contains no allegations that support federal question jurisdiction. As noted, the complaint relates to a real property foreclosure sale and state-law claims of fraud and breach of contract. While the Abors' complaint also reference federal laws—i.e., 22 U.S.C. § 611, the Eleventh Amendment, Federal Racketeering laws, the FDCPA, and the TILA, the mere inclusion of such references in the complaint falls short of alleging a violation of federal law that is more than frivolous or insubstantial, such that the complaint sufficiently invokes federal question jurisdiction. *See Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) ("A complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court."); *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (A claim "must be more than frivolous to support federal question jurisdiction.").

Further, attachments to the complaint confirm that Frazier is an attorney at McCarthy Holthus, a law firm in Plano, Texas. Doc. 3 at 23-24 (the Abors provided Frazier's Plano office address in their complaint in the first federal action). *See Abor v. Frazier*, No. 3:24-CV-522-K-BN, Civ. Doc. 3 at 10. Thus, based on the Abors' own assertions, subject-matter jurisdiction on the basis of diversity is non-existent. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Additionally, because the complaint does not present an adequate basis for federal question jurisdiction, and the Abors cannot rely on diversity jurisdiction and the Court cannot

exercise supplemental jurisdiction over any possible state-law claims that they may be attempting to assert. 28 U.S.C. § 1367(a).

Likewise, the Abor's claims based on so-called sovereign citizenship are legally frivolous.

> Sovereign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.

*Ducker v. Pitre*, No. 3:23-CV-2546-B-BK, 2023 WL 9183712, at *3 (N.D. Tex. Dec. 7, 2023) (citations omitted), *rec. adopted*, 2024 WL 102935 (N.D. Tex. Jan. 9, 2024).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As demonstrated above, the facts as alleged in the Abors' complaint show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. The Abors have also stated no plausible claim. Thus, granting leave to amend would be futile and cause needless delay. Even so, the 14-day statutory objection period will permit the Abors to proffer facts, if any, that can cure the jurisdictional and other deficiencies noted above.

### IV. CONCLUSION

For all these reasons, the Abors' action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on April 11, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).